UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TERREL M. WATSON, GIUSEPPINA CALARCO and JARRET STRETCH,

                Plaintiffs,

-against-

MIDLAND CREDIT MANAGEMENT, INC.,

                Defendant.

No. 2:18-cv-02400-DRH-AKT

## MEMORANDUM OF LAW IN SUPPORT
## OF MIDLAND CREDIT MANAGEMENT, INC.'S MOTION TO DISMISS



**800 Third Avenue
13th Floor
New York, NY 10022
Telephone 212-471-6200
Facsimile 212-935-1166**

302253962v1 1008712

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY..................................................... 2

ARGUMENT ............................................................................................................................. 3

    THE DISCOUNT LETTERS DO NOT VIOLATE THE FDCPA .................................... 3

        A.    The Second Circuit Has Held That A Debt Collector Does Not Have To Advise A Consumer That Interest Is Not Accruing ..................... 3

        B.    The Word "Current" Does Not Imply That A Debt May Increase ............. 4

        C.    Even Assuming Arguendo The Discount Letters Misrepresented That The Debt May Increase, Such Misrepresentation is Immaterial ................................................................................................ 6

        D.    Plaintiff Terrel Watson's Claim Is Time Barred........................................ 7

CONCLUSION.......................................................................................................................... 7

302253962v1 1008712

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Avila v. Riexinger*,
  817 F.3d 72 (2d Cir. 2016) ............................................................................................4, 7

*Feldheim v. Fin. Recovery Servs.*,
  No. 16-cv-3873 (KMK), 2017 U.S. Dist. LEXIS 101290 (S.D.N.Y. June 28, 2017) ......................................................................................................................1, 5

*Gabriele v. Am. Home Mortg. Servicing*,
  503 Fed. Appx. 89 (2d Cir. 2012) .......................................................................................6

*Ghulyani v. Stephens & Michaels Assocs.*,
  No. 15-cv-5191(SAS), 2015 U.S. Dist. LEXIS 145424 (S.D.N.Y. Oct. 26, 2015) ..........................................................................................................................2, 5

*Hussain v. Alltran Fin., LP*,
  17-cv-3571-ARR-CP, 2018 U.S. Dist. LEXIS 57715 (E.D.N.Y. Apr. 4, 2018) ...............1, 4, 5

*Jensen v. Pressler & Pressler*,
  791 F.3d 413 (3d Cir. 2015) ...............................................................................................6

*Kraus v. Prof'l Bureau of Collections*,
  281 F. Supp. 3d 312, 319-20 (E.D.N.Y. 2017) ....................................................................7

*Lane v. Fein, Such & Crane LLP*,
  767 F. Supp. 2d 382 (E.D.N.Y. 2011) .................................................................................6

*Stewart v. Selip & Stylianou*,
  17-cv-2745 (JS)(SIL), 2018 U.S. Dist. LEXIS 126302 (E.D.N.Y. July 26, 2018) .................................................................................................................................4

*Taylor v. Fin. Recovery Serv.*,
  886 F.3d 212 (2d Cir. 2017) ..................................................................................... *passim*

*Thomas v. Midland Credit Mgmt., Inc.*,
  No. 2:17-cv-00523 (ADS) (ARL), 2017 U.S. Dist. LEXIS 195182 (E.D.N.Y. Nov. 27, 2017) ................................................................................................................2, 3

*Warren v. Sessoms & Rogers, P.A.*,
  676 F.3d 365 (4th Cir. 2012) ...............................................................................................6

**Statutes**

15 U.S.C. §1692e ................................................................................................................ *passim*

15 U.S.C. 1692k(d) .........................................................................................................................7

Fair Debt Collection Practices Act ........................................................................................ *passim*

**Other Authorities**

Rule 12(b)(6)..................................................................................................................................1

MERRIAM-WEBSTER DICTIONARY (2018) ........................................................................................4

**PRELIMINARY STATEMENT**

Defendant Midland Credit Management, Inc. ("MCM"), by its attorneys, Hinshaw & Culbertson LLP, respectfully submits this Memorandum of Law in support of its Motion for an Order, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), for dismissal of this action.  Plaintiffs incorrectly claim that MCM's letters violated § 1692e of the Fair Debt Collection Practices Act ("FDCPA") because the letters implied that interest and late fees were accruing on Plaintiffs' debts when, in actuality, no such interest or fees was accruing.  Plaintiffs' own complaint concedes that "the respective Letters do no [sic] state that Plaintiffs' respective debts are subject to additional interest and late fees . . ." (DE #1, Compl. ¶ 28).  Despite this admission, Plaintiffs argue that the letters implied that interest and fees was accruing because the letters did not explicitly disclose that interest was **not** accruing.  The problem for Plaintiffs is that this exact theory was recently rejected by the Second Circuit in *Taylor v. Fin. Recovery Serv.*, 886 F.3d 212 (2d Cir. 2017)—determining that "a collection notice that fails to disclose that interest and fees are not currently accruing on a debt is not misleading within the meaning of Section 1692e." *Id.* at 214.

Similarly meritless, is Plaintiffs' argument that because the letters use the phrase "current balance", that somehow implies that interest and late fees were accruing.  Judge Ross rejected this very argument in *Hussain v. Alltran Fin., LP*, 17-cv-3571-ARR-CP, 2018 U.S. Dist. LEXIS 57715, at *5-7 (E.D.N.Y. Apr. 4, 2018), concluding the use of the word "current" does not violate the FDCPA.  Indeed, the Second Circuit has also analyzed letters employing the word "current" and did not find a violation of the FDCPA.  *See Taylor*, 886 F.3d 212.  Moreover, numerous courts in this District have found that the phrase "as of the date of this letter"—a phrase similar to the word "current"—in no way implies that a debt may increase in the future. *See Feldheim v. Fin. Recovery Servs.*, No. 16-cv-3873 (KMK), 2017 U.S. Dist. LEXIS 101290,

at *18-19 (S.D.N.Y. June 28, 2017); *see also Ghulyani v. Stephens & Michaels Assocs.*, No. 15-cv-5191(SAS), 2015 U.S. Dist. LEXIS 145424, at *8 (S.D.N.Y. Oct. 26, 2015).

Finally, even assuming *arguendo* that the letters sent to Plaintiffs could be interpreted as "misleading" (they cannot), Plaintiffs' lawsuit still fails because the *Taylor* court determined that there is no harm to a consumer even if he/she is misled into believing that interest and fees are accruing when, in actuality, they are not. *Taylor*, 886 F.3d at 214-15. For these reasons, Plaintiffs' Complaint should be dismissed in its entirety and with prejudice.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

The Complaint claims that Plaintiffs, Terrel Watson, Jarret Stretch and Giuseppina Clarco each received a letter (dated April 19, 2017, April 26, 2017, and May 3, 2017, respectively) from MCM regarding possible resolution of debts owed by Plaintiffs (the letters collectively shall be referred to as the "Discount Letters"). The Discount Letters listed the balance of each plaintiff's debt and provided multiple options for each plaintiff to "put this debt behind you" with a percentage discount (i.e a 40% discount). (*See* DE #1-1, Compl. Ex. 1). The Discounts Letters also provided an expiration date for when the discount offers would expire. (*Id.*) In other words, the Discount Letters informed Plaintiffs of the exact amount that Plaintiffs could pay, and the date until which such payment would fully resolve their debts. (*Id.*)

On April 23, 2018, Plaintiffs filed their Complaint against MCM alleging that the Discount Letters violated the FDCPA. (*See* DE #1) On July 3, 2018, MCM filed a pre-motion letter seeking leave to file a motion to dismiss. (*See* DE #7). On July 10, 2018, Plaintiffs filed an opposition to MCM's request for leave to file a motion to dismiss. (*See* DE #8).[1] On July 20,

---

[1] Plaintiffs' Opposition Letter failed to address any of the arguments raised in MCM's Pre Motion Letter. Instead, Plaintiffs argued that collateral estoppel bars MCM from raising any defense that the Discount Letters did not violate the FDCPA. Plaintiffs argue that Judge Spatt, in *Thomas v. Midland Credit Mgmt., Inc.*, No. 2:17-cv-00523

2018, this Court waived the pre-motion conference requirement and provided a briefing schedule. (*See* DE #9). Accordingly, MCM now moves for the dismissal of this action because the Complaint fails to state a claim.

## ARGUMENT

## THE DISCOUNT LETTERS DO NOT VIOLATE THE FDCPA

### A. *The Second Circuit Has Held That A Debt Collector Does Not Have To Advise A Consumer That Interest Is Not Accruing*

Plaintiffs' Complaint does not allege that interest is accruing. Instead, it does the opposite and alleges that interest and late fees are not accruing. Based on this allegation, Plaintiffs claim that the Discount Letters violated the FDCPA because they did not explicitly state that interest is **not** accruing. In other words, Plaintiffs argue that unless the least sophisticated consumer is expressly informed that interest is not accruing, that the consumer could believe that interest was accruing. (*See* Compl. ¶ 31). The problem for Plaintiffs is that this theory of liability was considered, and rejected, by the Second Circuit in *Taylor*, 886 F.3d 212, 214 (2d Cir. 2017).

*Taylor* involved a debt that was not accruing interest. *Id.* at 213. Plaintiff/appellant argued that the "collection notices were misleading within the meaning of Section 1692e because the least sophisticated consumer could have interpreted them to mean either that interest and fees on the debts in question were accruing or that they were not accruing. In effect, they argue that a debt collector commits a per se violation of Section 1692e whenever it fails to disclose whether interest or fees are accruing on a debt"—the exact same theory of recovery Plaintiffs raise here.

---

(ADS) (ARL), 2017 U.S. Dist. LEXIS 195182, at * 1 (E.D.N.Y. Nov. 27, 2017) previously determined that the Discount Letters violated the FDCPA. This is a blatant misrepresentation as the letter at issue in *Thomas* is not the same as the Discount Letters. Furthermore, *Thomas* was decided before the Second Circuit's controlling decision in *Taylor*. The doctrine of collateral estoppel does not apply.

3

*Id.* at 214. The Second Circuit reasoned that its previous decision in *Avila v. Riexinger*, 817 F.3d 72, 77 (2d Cir. 2016) did not apply to the facts of *Taylor* because, in *Taylor*, interest was not accruing and there was no harm to the consumer if the consumer is not informed that interest is not accruing. *Id.* The Second Circuit therefore determined "that a collection notice that fails to disclose that interest and fees are not currently accruing on a debt is not misleading within the meaning of Section 1692e." *Id.* at 215. Post *Taylor*, a number of decisions from this Court, recognizing *Taylor's* holding, have dismissed FDCPA claims where a collection letter is silent to interest and fees and a debt is not accruing interest—facts that Plaintiffs' Complaint readily admits. *See Stewart v. Selip & Stylianou*, 17-cv-2745 (JS)(SIL), 2018 U.S. Dist. LEXIS 126302, *9 (E.D.N.Y. July 26, 2018) (Citing to *Taylor* and holding: "[i]n that case, as in this case, the debt was not accruing interest—a fact on which the collection notice was silent. Applying these standards, the Court concludes that Defendant's omission of costs and disbursements . . . did not violate Section 1692e."); *see also Hussain v. Alltran Fin., LP*, 17-cv-3571-ARR-CP, 2018 U.S. Dist. LEXIS 57715, at *5 (E.D.N.Y. April 4, 2018) (same). As in *Taylor* and the cases from this jurisdiction that have followed, Plaintiffs' claims fail as a matter of law.

      **B.**    ***The Word "Current" Does Not Imply That A Debt May Increase***

Similarly meritless is Plaintiffs' claim that the phrase "Current Balance" incorrectly implies that the amount of Plaintiffs' debt may increase. The word "current" means "presently elapsing" or "occurring in or existing at the present time" and thus does not represent what the balance would be in the future. *See* DEFINITION OF "CURRENT", MERRIAM-WEBSTER DICTIONARY (2018). In fact, Judge Ross followed this logic in *Hussain* and recently found nothing misleading with letters that used the word "current" to describe the balance of a debt. *See Hussain*, 2018 U.S. Dist. LEXIS 57715, at *5-7.

4

In *Hussain*, Judge Ross dismissed a case alleging virtually the same facts and claims that Plaintiffs bring here. Specifically, the plaintiff in *Hussain* claimed that "[b]ecause the letter does not state whether any interest is accruing, plaintiff argues, the least sophisticated consumer would be confused as to whether 'interest or fees will be added.' This confusion is compounded by the fact that the letter lists the 'current amount due,' which suggests that the balance may increase in the future." *Hussain*, 2018 U.S. Dist. LEXIS 57715, at *3 (internal references omitted). Applying the Second Circuit's decision in *Taylor*, Judge Ross reasoned that because *Taylor* held that there is no duty to expressly state when a debt is not accruing interest, a consumer reading a letter with the phrase "current amount due" would correctly understand that paying the amount in the letter would fully satisfy the debt. *Id.* at *5. Judge Ross therefore determined that the use of the word "current" did not violate the FDCPA when interest was not accruing. *Id.* at *8. In fact, although the Second Circuit did not specifically address the word "current" in the *Taylor* decision, the letter at issue in *Taylor*—which the Second Circuit held did not violate the FDCPA—also used the phrase "current balance."

Aside from *Hussain* and *Taylor*, other courts have held that letters using the similar phrase "as of the date of this letter" to describe the balance of a debt do not imply that the balance may increase at a later date. *See Feldheim v. Fin. Recovery Servs.*, No. 16-cv-3873 (KMK), 2017 U.S. Dist. LEXIS 101290, at *18-19 (S.D.N.Y. June 28, 2017) (ruling that the phrase "as of the Date of this Letter" does not "'Imply' or 'purport'—deceptively or otherwise—that the balance Plaintiff owed would increase over time. A plain reading of the notice's quoted language reveals that it was not false, deceptive, or misleading."); *See also Ghulyani v. Stephens & Michaels Assocs.*, No. 15-cv-5191(SAS), 2015 U.S. Dist. LEXIS 145424, at *8 (S.D.N.Y. Oct. 26, 2015) ("[P]retending the clause 'Balance Due as of the Date of this Letter' actually reads

5

'Balance Due as of the Date of this Letter, as your balance may be subject to increase due to interest' . . . . [is a] farfetched and implausible interpretation.")  The phrase "current," similar to "as of the Date of this Letter" in no way implies, absent a bizarre and idiosyncratic interpretation, that interest and late fees are accruing on a debt.  Plaintiffs' claim that the phrase "current balance" is misleading is thus meritless and must be dismissed.

> C. *Even Assuming Arguendo The Discount Letters Misrepresented That The Debt May Increase, Such Misrepresentation is Immaterial*

Even assuming *arguendo* that the Discount Letters misrepresented that Plaintiffs' debts were increasing (they do not) such a misrepresentation does not violate § 1692e of the FDCPA because it is immaterial.  It is well-settled that claims based on § 1692e require a material misrepresentation.  *See Gabriele v. Am. Home Mortg. Servicing*, 503 Fed. Appx. 89, 94 (2d Cir. 2012); *see also Lane v. Fein, Such & Crane LLP*, 767 F. Supp. 2d 382, 389-90 (E.D.N.Y. 2011) ("a statement must be materially false or misleading to violate Section 1692e"); *Jensen v. Pressler & Pressler*, 791 F.3d 413, 416, 422 (3d Cir. 2015); *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 374 (4th Cir. 2012).  The Second Circuit in *Taylor* explicitly reasoned that there is no harm to the least sophisticated consumer even if he/she is misled into believing that interest is accruing when, in actuality, it is not.  Specifically, the *Taylor* court stated:

> Of course, being informed that their debts were not accruing interest or fees could have been advantageous to [Plaintiffs], as it would have alerted them to the fact that they could delay repayment without their debts increasing.  The only harm that [plaintiffs] suggest a consumer might suffer by mistakenly believing that interest or fees are accruing on a debt is being led to think that there is a financial benefit to making repayment sooner rather than later.  **This supposed harm falls short of the obvious danger facing consumers in *Avila*.  It is hard to see how or where the FDCPA imposes a duty on debt collectors to encourage consumers to delay repayment of their debts.**  And requiring debt collectors to draw attention to the fact that a previously dynamic debt is now static might even create a perverse incentive for them to continue accruing interest or fees on debts when they might not otherwise do so.

*Taylor*, 886 F.3d at 214-15.

Here, Plaintiffs allege that their debts were not accruing interest or late fees.[2] Thus, as in *Taylor*, Plaintiffs did not suffer any harm even if they could have been "misled" into believing that interest was accruing. Plaintiffs § 1692e claims thus fail for lack of materiality.

### D. *Plaintiff Terrel Watson's Claim Is Time Barred*

As discussed above, all of Plaintiffs' claims should be dismissed for failure to state a claim. In addition, Plaintiff Terrel Watson's claim may also be dismissed as untimely. The FDCPA is governed by a one year statute of limitations. *See* 15 U.S.C. 1692k(d) ("An action to enforce any liability created by [the FDCPA] may be brought . . . within one year from the date on which the violation occurs."). The letter sent to Plaintiff Terrel Watson is dated April 19, 2017, and the instant action was commenced by all three Plaintiffs on April 23, 2018, more than one year after. April 23, 2018 was not on a weekend or federal holiday. Thus, Mr. Watson's claims are untimely and must be dismissed.

## CONCLUSION

Based on the foregoing, MCM respectfully requests that the Court grant MCM's Motion to Dismiss in its entirety and grant such other and further relief as the Court deems just and proper.

---

[2] Notably, even if Plaintiffs had alleged that interest was accruing (they do not), such an allegation does not rescue Plaintiffs' claims. It is binding Second Circuit law that a debt collector is not subject to liability under Section 1692e if it "clearly states that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date." *See Avila*, 817 F.3d at 77; *see also Kraus v. Prof'l Bureau of Collections*, 281 F. Supp. 3d 312, 319-20 (E.D.N.Y. 2017) (applying *Avila* and dismissing FDCPA lawsuit because the letter contained an offer to resolve a debt for less than the full amount owed and a due date). Here, the Discount Letters explicitly provided a dollar amount with an expiration rate that Plaintiffs could have paid to fully resolve the debts.

Dated: New York, New York
August 8, 2018

                                            HINSHAW & CULBERTSON LLP
*Attorneys for Defendant*
*Midland Credit Management, Inc.*

By: */s Han Sheng Beh*
     Han Sheng Beh
800 Third Avenue, 13th Floor
New York, New York 10022
Tel: (212) 471-6200
Fax: (212) 935-1166

8